ROBERT BURTON *vs.* THE PHILAD'A., WILMINGTON & BAL-
TIMORE RAILROAD CO.

The railroad company is liable for injuries resulting from the negligence of its agents
or servants.

It has the right to pass through Wilmington at the usual speed, and with the necessary
noise, taking due precaution to avoid danger. If horses are frightened by the escape
of steam, or other necessary noise, the company is not responsible.

Negligence is a question of fact for the jury.

The court will not set aside a verdict founded on conflicting evidence, though they would
have drawn a different conclusion from the jury.

THIS was an action on the case against defendants for negligently
running over plaintiff's horse with a locomotive engine and cars,
and killing him. The declaration contained several counts; the plea
to all of which was, not guilty.

The plaintiff was upon the wharf at Wilmington, with a pair of
fine young horses attached to a cart. They were not well broke,
having been but a short time in use. The engine with a train of
cars was leaving the station-house with considerable noise of es-
caping steam and ringing of bells, by which plaintiff's horses were
frightened, and ran across the track in front of the engine. One of
them was killed.

There was a contrariety of evidence in relation to the negligence
of defendants' agents, and their skill, and of the rate of speed at which
they were going, as well as of the immediate cause of the collision;
the defendants contending that it was owing entirely to the negli-
gence and want of prudent caution in plaintiff, and the character of
his horses; the plaintiff contending that the train of cars was going
at an improper speed and with unnecessary noise; that the conduc-
tor or brakesman of the engine deserted his post; and that the view
was obstructed by cars improperly placed near the road, so that the
train came suddenly upon plaintiff, and gave him no time to check
his horses.

The principles of the case are presented in the charge to the jury.

HARRINGTON, *Justice.*—The gist of the action is the negligence of
defendants' servants, for which they are liable as for their own neg-
ligence; want of due care or other improper conduct; producing
the injury complained of. (2 *Kent Com.* 259-60, *n.;* 1 *Blac. Com.*
431-2; 6 *Term Rep.* 659; 2 *Hen. Blac.* 442; 2 *Harr. Rep.* 67, *Ibid*
443, 481.)

The defendants have made a railroad under authority of law, which
runs through the city of Wilmington, and upon which it is lawful

and right for them to use locomotive engines propelled by steam, with all the incidents of that kind of conveyance; they being responsible, as individuals or others would be, for the exercise of *due* care and prudence; and being liable for injuries done to others by any negligence or illegal conduct on their part.

Being authorized to use steam as the propelling power of these engines, the smoke and noise of steam escaping are indispensable, as well as the noise occasioned by the cars and usual notice bells; and the company would not be liable for mere accidents arising from fright to horses occasioned by these noises. In the exercise, however, of the right to use this steam power in passing through a populous town, the company are bound to use all due precaution to avoid danger to others, and to travel at a rate of speed prudent under the circumstances. This prudent and proper rate of speed is either regulated by law, or by the usual and customary speed. There has been no evidence of any legal regulation, though an ordinance of the city has been referred to on the subject; it will be for the jury to say, on the evidence, whether the defendants were going with their train at the usual and proper rate of speed; whether they abused in any manner their lawful right to use this noisy and powerful agent of steam; or whether they were guilty of any negligence or misconduct, which occasioned the injury of which plaintiff complains. If they were not guilty of any such negligence, the defendants cannot be liable for this injury to plaintiff's horse, which must be regarded as either accidental, or to be attributed to some negligence of his own, or want of prudence in being in that position with badly broke horses; and he must bear the loss.

The plaintiff contends that the defendants were guilty of improper conduct, or negligence in one or more of these three particulars, namely: in going at an unusual and improper rate of speed; in the brakesman leaving his proper position, and abandoning his duty, at the time of the collision; or from improperly placing their burden cars, not in use, in a position that obstructed the view of persons or horses approaching, and thus increased the danger of accidents.

On the first point the jury will recur to the evidence of Buzines and of Rickards for the plaintiff; and of Young and Lyons on the part of the defendant, as to the rate of speed as well as the general evidence of the other witnesses.

2. Were the brakesmen and other persons connected with the driving this engine in their proper places performing their duty; or did they neglect any thing which they ought to have done. The

general evidence is, that the collision was almost instantaneous, but that the engine was reversed and the break put down at once; though, according to the evidence of Mr. Gill, one of the brakesmen got off about the time, or soon after the stroke; and Mr. Lyon, who was the brakesman, says he remained on the brake as long as he dared. It will be for the jury to say whether from this or any other evidence this collision was occasioned by the abandonment of duty, or misconduct of the brakesman, or any other agent of the railroad company.

3. The remaining question is, whether the company were guilty of negligence in obstructing the view by their cars. Certainly not, if these cars were standing upon the company's premises, for they would have the right to place not merely cars, but to build houses on their own premises, which would obstruct the view, and might increase the danger of accidents from this cause, unless other persons should increase their vigilance and prudence in proportion to the danger. But if these cars were standing in any place on which the defendants had not the legal right to place them, and the collision with plaintiff's horse was occasioned by the obstruction of the view thus produced, the defendants would be liable for this misconduct, if any such were proved.

Negligence is a question of fact for the jury, and also the amount of damages; which ought to be proportioned to the loss, namely, the value of the horse; which was proved to be one hundred and fifty dollars.

The jury rendered a verdict for fifty-one dollars; and there was a motion by defendants, and a rule to show cause why a new trial should not be granted, on the ground that the verdict was against law and evidence.

After argument the rule was discharged, the court saying, that though they did not approve of the verdict, it was the result of conflicting evidence which was submitted to the jury to be weighed by them; and the amount of the damages was equally within their province.

*Patterson,* for plaintiff.
*Wales,* for defendants.